HENRY MORRISON AS SURVIVOR, ETC., APPELLANT, *v.* JOSEPH AGATE, RESPONDENT.

*Additional allowance — when a case is difficult and extraordinary so as to justify it — Code,* § 309.

The action was brought to recover $15,000 damages claimed to have arisen from a malicious interference by the defendant, with the enjoyment and occupation of valuable premises, held by the plaintiff under a long lease; it being alleged that the defendant so disturbed the plaintiff's tenants and undertenants that the latter were obliged to abandon the premises, whereby the plaintiff lost his tenants and rents, and the premises became greatly injured, and the unexpired term of the plaintiff's lease valueless.

The complaint having been dismissed at the circuit, *held*, that the action was a difficult and extraordinary one within section 309 of the Code, and that an additional allowance of $250 was properly made.

APPEAL from an order made at Special Term granting defendant an extra allowance of $250.

The complaint alleged that on the 3d day of March, 1866, by an instrument in writing, under seal, executed by the defendant and Eugene Mendez, the defendant granted, demised and leased to said Eugene Mendez the whole of the building and premises known as Nos. 645 and 647 Broadway, in the city of New

York, with the privilege of using the stairs of No. 647 Broadway for the purpose of carrying in and out ashes, coal, and so forth, for the term of ten years, from the 1st day of May, 1866, of which said building and premises said defendant was, at the time, and ever since has been the owner.

That subsequently the said lease was assigned to the plaintiffs.

"That afterwards, on or about the 24th day of October, 1870, and on divers other days and times until and during the month of May, 1871, whilst the said plaintiffs were in the lawful possession of said premises, the said defendant continuously during the period hereinbefore mentioned, well knowing they, said plaintiffs, held and enjoyed the said premises as assignees of the aforesaid lessee, but contriving wrongfully, and maliciously intending to injure said plaintiffs and to obtain the control of the said premises for the unexpired term thereof, and to deprive the plaintiffs of the advantage, enjoyment or occupation thereof, disturbed the said plaintiffs, then tenants of the said premises and the sub-tenants or under-tenants of the plaintiffs' tenants ; that by mere force of such disturbance the said tenants were obliged by the defendant to abandon the premises, by reason of which disturbance the plaintiffs lost their tenants, their rent, and the premises became greatly injured for the want of occupation, whereby the unexpired term of the said plaintiffs in said lease became and was valueless to the said plaintiffs, and whereby the said plaintiffs were put to great trouble, damage, expense, outlays and injury, and whereby the plaintiffs were compelled to and did abandon their right to said premises and their unexpired term to the said lease as the assignees of the said lessee."

The complaint was dismissed at the trial.

*A. R. Dyett*, for the appellant.

*C. Bainbridge Smith*, for the respondent.

BARRETT, J. :

It was said in *Bryan* v. *Durrie* (6 Abb. [N. C.], 140), that "whether an action should be so regarded (as difficult and extraordinary, within the meaning of the Code of Procedure), rests substantially in the judgment and discretion of the judge to whom

the application is made, and the determination of the question usually involves so many considerations which are addressed to the discretion of the judge, that the Appellate Court rarely interferes."

We may add that the court does not encourage appeals upon mere matters of discretion, and it will only interfere when the discretion seems to have been abused, or in a plain case of its unwise exercise.

The present action was clearly both difficult and extraordinary, within the meaning of the Code. It was an action in which damages to the amount of $15,000 were claimed for a malicious interference with the plaintiff's enjoyment and occupation of valuable premises held under a long lease. It was charged that the defendant so disturbed the tenants and under-tenants that the latter were obliged to abandon the premises, and that the plaintiff lost his tenants and his rents, and that the premises became greatly injured for want of occupation, whereby the unexpired term became and was valueless. If such an action is not to be treated as difficult and extraordinary, then the statute as to allowances becomes practically valueless. It is certainly within the principle of *Moulton* v. *Beecher* (11 Hun, 192), which was an action for malicious prosecution. Nor should we overlook the prevailing practice in daily application for many years by the learned justices of this department, sitting at circuits and special terms. By them the statute has always been liberally construed, and a fair allowance in important and substantial litigations has been treated, even by the defeated party, as almost a matter of course.

As to the amount we are of opinion that the allowance granted by Mr. Justice VAN BRUNT, in the present case, was reasonable and moderate, and that his discretion was properly exercised.

The order should be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., concurred.

Present — DAVIS, P. J., BRADY and BARRETT, JJ.

Order affirmed, with ten dollars costs and disbursements.